1 **LEE & KAUFMAN, LLP**
Martin J. Kaufman, Esq. (SBN 155672)
2 Jason L. Weisberg, Esq. (SBN 150436)
Todd M. Wolfe, Esq. (SBN 203024)
3 U.S. Bank Tower
633 W. Fifth Street, 51st Floor
4 Los Angeles, CA 90071
Tel: (213) 239-9400
5 Fax: (213) 239-9409

6 Attorneys for Defendants
U.S. Textile Printing, Inc.,
7 Ross Stores, Inc., and B. Boston &
Associates, Inc.

8

9

FILED
CLERK, U.S. DISTRICT COURT

APR 11 2008

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

NOTE CHANGES MADE BY THE COURT.

10               **UNITED STATES DISTRICT COURT**

11               **CENTRAL DISTRICT OF CALIFORNIA**

12

13 STAR FABRICS, INC., a California )   Case No. CV07-06061 AHM (CWx)
corporation,                    )
14                                 )   (Assigned to the Hon. A. Howard Matz)
                                  )
15           Plaintiff,           )   **STIPULATION AND PROTECTIVE**
        vs.                       )   **ORDER**
16                                 )
U.S. TEXTILE PRINTING, INC., a  )
17 California corporation, et al,   )   Action Filed:    September 18, 2007
                                  )   Trial Date:      December 16, 2008
18 _____Defendants_____ )

19

20          WHEREAS, discovery in this matter will probe into matters that the

21 parties consider to be trade secrets, including, but not limited to pricing and

22 margins,

23          THEREFORE, IT IS HEREBY STIPULATED by and between

24 plaintiff and defendants, that the court enter attached protective order in order to

25 protect the propriety of the parties' trade secrets.

26 ///

27 ///

28 ///

-1-

**STIPULATION AND PROTECTIVE ORDER**

1   Dated: April 9, 2008                    LEE & KAUFMAN, LLP

2

3                                           By: _____
4                                           Jason L. Weisberg, Esq.
                                            Attorneys for Defendants U.S. Textile
5                                           Printing, Inc., Ross Stores, Inc. and B.
                                            Boston & Associates, Inc.
6

7   Dated: April 9, 2008                    BUCHALTER NEMER

8

9                                           By: /S/_____
                                            Brian H. Newman, Esq.
10                                          Attorneys for Plaintiff Star Fabrics, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

## PROTECTIVE ORDER

Pursuant to the stipulation of the parties, and good cause appearing therefore,

IT IS ORDERED, ADJUDGED AND DECREED this Protective Order Governing Confidential Material ("Protective Order") shall govern the handling of all Discovery Material, as hereafter defied.

## DEFINITIONS

1.      "Matter" means the matter captioned Star Fabrics, Inc. v. U.S. Textile Printing, Inc., et al, case number Case No. CV07-06061 AHM (CWx), pending before in the United States District Court, Central District of California, and all subsequent appellate or other review proceedings related thereto.

2.      "Star" means Star Fabrics, Inc, a corporation organized, existing and doing business under the laws of California.

3.      "U.S. Textile" means U.S. Textile Printing, Inc., a corporation organized, existing and doing business under the laws of California.

4.      "Ross" means Ross Stores, Inc, a corporation organized, existing and doing business under the laws of Delaware.

5.      "B. Boston" means B. Boston & Associates, Inc., a corporation organized, existing and doing business under the laws of California. "Outside Counsel" means the law firms that are counsel of record for any party in this Matter and their associated attorneys; or other persons regularly employed by such law firms including legal assistants, clerical staff and information management personnel and temporary personnel retained by such law firm(s) to perform legal or clerical duties, or to provide logistical litigation support with regard to this Matter; provided that any attorney associated with Outside Counsel shall not be a director, officer or employee of Any party. The term Outside Counsel does not include persons retained as consultants or experts for the purposes of this Matter.

6.      "Producing Party" means a Party or Third Party that produced or

-3-

1  intends to produce Confidential Discovery Material to any of the Parties.

2       7.    "Third Party" means any natural person, partnership,

3  corporation, association, or other legal entity not named as a party to this Matter

4  and their employees, directors, officers, attorneys and agents.

5       8.    "Expert/Consultant" means experts or other persons who are

6  retained to assist any party's counsel in preparation for trial or to give testimony at

7  trial.

8       9.    "Document" means the complete original or a true, correct and

9  complete copy and any non-identical copies of any written or graphic matter, no

10  matter how produced, recorded, stored or reproduced, including, but not limited to,

11  any writing, letter, envelope, telegraph meeting minute, memorandum statement,

12  affidavit, declaration, book, record, survey, map, study, handwritten note, working

13  paper, chart, index, tabulation, graph, tariff tape, data sheet, data processing card,

14  printout, microfilm, index, computer readable media or other electronically stored

15  data, appointment book, diary, diary entry, calendar, desk pad, telephone message

16  slip, note of interview or communication or any other data compilation, including

17  all drafts of all such documents. "Document" also includes every writing, drawing,

18  graph, char, photograph, phono record, tape, compact disk, video tape, and other

19  data compilations from which information can be obtained; and includes all drafts

20  and all copies of every such writing or record that contain any commentary, notes,

21  or marking whatsoever not appearing on the original.

22       10.   "Discovery Material" includes without limitation deposition

23  testimony, deposition exhibits, interrogatory responses, admissions, affidavits,

24  declarations, documents produced pursuant to compulsory process or voluntarily in

25  lieu thereof, and any other documents or information produced or given to one

26  Party by another Party or by a Third Party in connection with discovery in this

27  Matter.

28       11.   "Confidential Discovery Material" means all Discovery Material

-4-

STIPULATION AND PROTECTIVE ORDER

that is designated by a Producing Party as confidential and that is covered by
Section 26(c)(7) of the Federal Rules of Civil Procedure and precedents thereunder.
Confidential Discovery Material shall include non-public commercial information,
the disclosure of which to any party or Third Parties would cause substantial
commercial harm or personal embarrassment to the disclosing party. The following
is a non-exhaustive list of examples of information that likely will qualify for
treatment as Confidential Discovery Material: strategic plans (involving pricing,
marketing, research and development, product roadmaps, corporate alliances, or
mergers and acquisitions) that have not been fully implemented or revealed to the
public; trade secrets; customer-specific evaluations or data (e.g., prices, volumes, or
revenues); personnel files and evaluations; information subject to confidentiality or
non-disclosure agreements; proprietary technical or engineering information;
proprietary financial data or projections; and proprietary consumer, customer or
market research or analyses applicable to current or future market conditions, the
disclosure of which could reveal Confidential Discovery Material.

## TERMS AN CONDITIONS OF PROTECTIVE ORDER

1.     Discovery Material, or information derived therefrom, shall be
used solely by the Parties for purposes of this Matter, and shall not be used for any
other purpose, including without limitation any business or commercial purpose,
except that with notice to the Producing Party, a Party may apply to the U.S.
Magistrate Judge and/or U.S. District Judge for approval of the use or disclosure of
any Discovery Material, or information derived therefrom, for any other proceeding.
Provided however, that in the event that the Party seeking to use Discovery Material
in any other proceeding is granted leave to do so by the U.S. Magistrate Judge
and/or U.S. District Judge, it will be required to take appropriate steps to preserve
the confidentiality of such material.  The Parties, in conducting discovery from
Third Parties, shall attach to such discovery requests a copy of this Protective Order
and a cover letter that will apprise such Third Parties of their rights hereunder.

1          2.     This paragraph concerns the designation of material as

2 "Confidential Restricted," and "Confidential, Attorney Eyes Only."

3          (a) Designation of Documents as "CONFIDENTIAL - CV07-06061

4          AHM (CWx)" Discovery Material may be designated as Confidential

5          Discovery Material by Producing Parties by placing on or affixing, in

6          such manner as will not interfere with the legibility thereof, the

7          notation "CONFIDENTIAL - CV07-06061 AHM (CWx)" (or other

8          similar notation containing a reference to this Matter) to the fist page

9          of a document containing such Confidential Discovery Material, or, by

10        Parties by instructing the court reporter to denote each page of a

11        transcript containing such Confidential Discovery Material as

12        "Confidential." Such designations shall be made within fourteen days

13        from the initial production or deposition and constitute a good-faith

14        representation by counsel for the Party or Third Party making the

15        designations that the document constitutes or contains "Confidential

16        Discovery Material."

17        (b) Designation of Documents as "RESTRICTED CONFIDENTIAL

18        ATTORNEY EYES ONLY - CV07-06061 AHM (CWx)" In order to

19        permit Producing Parties to provide additional protection for a limited

20        number of documents that contain highly sensitive commercial

21        information, Producing Parties may designate documents as

22        "Restricted Confidential, Attorney Eyes Only, CV07-06061 AHM

23        (CWx)" by placing on or affixing such legend on each page of the

24        document. It is anticipated that documents to be designated Restricted

25        Confidential, Attorney Eyes Only may include certain marketing plans

26        sales forecasts, business plans, the financial terms of contracts,

27        operating plans, pricing and cost data, price terms, analyses of pricing

28        or competition information, and proprietary personnel and financial

-6-

information; and that this particularly restrictive designation is to be
utilized for a limited number of documents. Documents designated
Restricted Confidential, Attorney Eyes Only may be disclosed to
Outside Counsel, and to Experts/Consultants (paragraph 4, hereof).
Such materials may not be disclosed to Experts/Consultants or to
witnesses or deponents at trial or deposition (paragraph 3(c) hereof),
except in accordance with subsection (c) of this paragraph.  In all other
respects, Restricted Confidential, Attorney Eyes Only material shall be
treated as Confidential Discovery Material and all references in this
Protective Order and in the exhibit hereto to Confidential Discovery
Material shall include documents designated Restricted Confidential,
Attorney Eyes Only.

(c) Disclosure of Restricted Confidential, Attorney Eyes Only Material
To Witnesses or Deponents at Trial or Deposition. If any Party desires
to disclose Restricted Confidential, Attorney Eyes Only material to
witnesses or deponents at trial or deposition, the disclosing Party shall
notify the Producing Party of its desire to disclose such material. Such
notice shall identify the specific individual to whom the Restricted
Confidential, Attorney Eyes Only material is to be disclosed. Such
identification shall include, but not be limited to, the full name and
professional address and/or affiliation of the identified individual. The
Producing Party may object to the disclosure of the Restricted
Confidential, Attorney Eyes Only material within five business days of
receiving notice of an intent to disclose the Restricted Confidential
Attorney Eyes Only material to an individual by providing the
disclosing Party with a written statement of the reasons for objection.
If the Producing Party timely objects, the disclosing Party shall not
disclose the Restricted Confidential Attorney Eyes Only material to the

-7-

identified individual, absent a written agreement with the Producing Party, order of the U.S. Magistrate Judge and/or U.S. District Judge or ruling on appeal. The Producing Party lodging an objection and the disclosing Party shall meet and confer in good faith in an attempt to determine the terms of disclosure to the identified individual. If at the end of five business days of negotiating the parties have not resolved their differences or if counsel determine in good faith that negotiations have failed, the disclosing Party may make written application to the U.S. Magistrate Judge and/or U.S. District Judge as provided by paragraph 5 of this Protective Order. If the Producing Party does not object to the disclosure of Restricted Confidential, Attorney Eyes Only material to the identified individual within five business days, the disclosing Party may disclose the Restricted Confidential, Attorney Eyes Only material to the identified individual.

(e) Disputes Concerning Designation or Disclosure of Restricted. Confidential Attorney Eyes Only Material. Disputes concerning the designation or disclosure of Restricted Confidential, Attorney Eyes Only material shall be resolved in accordance with the provisions of paragraph 5.

(f) No Presumption or Inference. No presumption or other inference shall be drawn that material designated Restricted Confidential, Attorney Eyes Only is entitled to the protections of this paragraph.

(g) Due Process Savings Clause. Nothing herein shall be used to argue that a Party s right to attend the trial of, or other proceedings in, this Matter is affected in any way by the designation of material as Restricted Confidential, Attorney Eyes Only.

3.      Confidential Discovery Material shall not, directly or indirectly, be disclosed or otherwise provided to anyone except to:

-8-

1        (a) Outside Counsel;

2        (b) Experts/Consultants (in accordance with paragraph 4 hereto);

3        (c) witnesses or deponents at trial or deposition (in accordance with

4        paragraph 2(c) hereto);

5        (d) the U.S. Magistrate Judge and/or U.S. District Judge and personnel

6        assisting them;

7        (e) court reporters and deposition transcript reporters;

8        (f) judges and other court personnel of any court having jurisdiction

9        over any appeal proceedings involving this Matter; and

10        (g) any author or recipient of the Confidential Discovery Material (as

11        indicated on the face of the document, record or material), and any

12        individual who was in the direct chain of supervision of the author at

13        the time the Confidential Discovery Material was created or received.

14        4.     Confidential Discovery Material, including material designated

15 as "Confidential" and "Restricted Confidential, Attorney Eyes Only," shall not,

16 directly or indirectly, be disclosed or otherwise provided to an Expert/Consultant,

17 unless such Expert/Consultant agrees in writing:

18        (a) to maintain such Confidential Discovery Material in separate

19        locked rooms or locked cabinet(s) when such Confidential Discovery

20        Material is not being reviewed;

21        (b) to return such Confidential Discovery Material to Counsel for the

22        Producing Party or Outside Counsel, as appropriate, upon the

23        conclusion of the Expert/Consultant's assignment or retention or the

24        conclusion of this Matter;

25        (c) to not disclose such Confidential Discovery Material to anyone,

26        except as permitted by the Protective Order; and

27        (d) to use such Confidential Discovery Material and the information

28        contained therein solely for the purpose of rendering consulting

-9-

services to a Party to this Matter, including providing testimony in
judicial or administrative proceedings arising out of this Matter.

5.      This paragraph governs the procedures for the following
specified disclosures and challenges to designations of confidentiality.

(a) Challenges to Confidentiality Designations. If any Party seeks to
challenge a Producing Party's designation of material as Confidential
Discovery Material or any other restriction contained within this
Protective Order, the challenging Party shall notify the Producing Party
and all Parties to this action of the challenge to such designation. Such
notice shall identify with specificity (i.e., by document control
numbers deposition transcript page and line reference, or other means
sufficient to locate easily such materials) the designation being
challenged. The Producing Party may preserve its designation within
five business days of receiving notice of the confidentiality challenge
by providing the challenging Party and all Parties to this action with a
written statement of the reasons for the designation. If the Producing
Party timely preserves its rights, the Parties shall continue to treat the
challenged material as Confidential Discovery Material, absent a
written agreement with the Producing Party or order of the U.S.
Magistrate Judge and/or U.S. District Judge. The Producing Party,
preserving its rights, and the challenging Party shall meet and confer in
good faith in an attempt to negotiate changes to any challenged
designation. If at the end of five business days of negotiating the
Parties have not resolved their differences or if counsel determine in
good faith that negotiations have failed, the challenging Party may
make written application to the U.S. Magistrate Judge and/or U.S.
District Judge as provided by paragraph 6(b) of this Protective Order.
If the Producing Party does not preserve its rights within five business

-10-

**STIPULATION AND PROTECTIVE ORDER**

1  days, the challenging Party may alter the designation as contained in

2  the notice. The challenging Party shall notify the Producing Party and

3  the other Parties to this action of any changes in confidentiality

4  designations. Regardless of Confidential designation, copies of

5  published magazine or newspaper articles, excerpts from published

6  books, publicly available tariffs, and public documents filed with any

7  governmental entity may be used by any Party without reference to the

8  procedures of this subparagraph.

9  (b) Resolution of Disclosure or Confidentiality Disputes. If

10  negotiations under subparagraph 6(a) of this Protective Order have

11  failed to resolve the issues, a Party seeking to disclose Confidential

12  Discovery Material or challenging a confidentiality designation or any

13  other restriction contained within this Protective Order may make

14  written application to the U.S. Magistrate Judge and/or U.S. District

15  Judge for relief. Such application shall be served on the Producing

16  Party and the other Party, and be accompanied by a certification that

17  the meet and confer obligations of this paragraph have been met, but

18  that good faith negotiations have failed to resolve outstanding issues.

19  The Producing Part and any other Parties shall have five business days

20  to respond to the application. While an application is pending, the

21  Parties shall maintain the pre-application status of the Confidential

22  Discovery Material. Nothing in this Protective Order shall create a

23  presumption or alter the burden of persuading the U.S. Magistrate

24  Judge and/or U.S. District Judge of the proprietary of a requested

25  disclosure or change in designation. The party designating

26  materials as confidential bears the burden of establishing confidentiality.

   6.    Confidential Discovery Material shall not be disclosed to any

27  person described in subparagraphs 3(b) and 3(c) of this Protective Order until such

28  person has executed and transmitted to Counsel for the Producing Party, as the case

1  may be, a declaration or declarations, as applicable, in the form attached hereto as

2  Exhibit "A," which is incorporated herein by reference. Counsel for each Producing

3  Party shall maintain a fie of all such declarations for the duration of the litigation.

4  Confidential Discovery Material shall not be copied or reproduced for use in this

5  Matter except to the extent such copying or reproduction is reasonably necessary to

6  the conduct of this Matter, and all such copies or reproductions shall be subject to

7  the terms of this Protective Order. If the duplication process by which copies or

8  reproductions of Confidential Discovery Material are made does not preserve the

9  confidentiality designations that appear on the original documents, all such copies

10  or reproductions shall be stamped "CONFIDENTIAL - CV07-06061 AHM

11  (CWx)."

12         7.    The Parties shall not be obligated to challenge the propriety of

13  any designation or treatment of information as Confidential and the failure to do so

14  promptly shall not preclude any subsequent objection to such designation or

15  treatment, or any motion seeking permission to disclose such material to persons

16  not referred to in paragraph 3.  If Confidential Discovery Material is produced

17  without the legend attached, such document shall be treated as Confidential from

18  the time the Producing Party advises counsel for all other parties in writing that

19  such material should be so designated and provides all the Parties with an

20  appropriately labeled replacement. The Parties shall return promptly or destroy the

21  unmarked documents.

22         8.    If any person receives a discovery request in another proceeding

23  that may require the disclosure of a Producing Party's Confidential Discovery

24  Material, the subpoena recipient promptly shall notify the Producing Party of

25  receipt of such request. Such notification shall be in writing and, if not otherwise

26  done, sent for receipt by the Producing Part at least five business days before

27  production, and shall include a copy of this Protective Order and a cover letter that

28  will apprise the Producing Party of its rights hereunder. The Producing Part shall be

-12-

**STIPULATION AND PROTECTIVE ORDER**

1  solely responsible for asserting any objection to the requested production. Nothing

2  herein shall be construed as requiring the subpoena recipient or anyone else covered

3  by this Order to challenge or appeal any such order requiring production of

4  Confidential Discovery Material, or to subject itself to any penalties for

5  noncompliance with any such order, or to seek any relief from the U.S. Magistrate

6  Judge and/or U.S. District Judge.

7          9.      This Order governs the disclosure of information during the

8  course of discovery.

9          10.     Any Party or Producing Party may move at any time for in

10  camera treatment of any Confidential Discovery Material or any portion of the

11  proceedings in this Matter to the extent necessary for proper disposition of the

12  Matter. An application for in camera treatment must be supported by a declaration

13  or affidavit by a person qualified to explain the nature of the documents.

14          11.     At the conclusion of this Matter, counsel for all parties shall

15  return to the Producing Party, or destroy, all originals and copies of documents and

16  all notes, memoranda, or other papers containing Confidential Discovery Material

17  which have not been made part of the public record in this Matter.

18          12.     The provisions of this Protective Order, insofar as they restrict

19  the communication and use of Confidential Discovery Material shall, without

20  written permission of the Producing Party or further order of the U.S. Magistrate

21  Judge and/or U.S. District Judge hearing this Matter, continue to be binding after

22  the conclusion of this Matter.

23          13.     This Protective Order shall not apply to the disclosure by a

24  Producing Part or its Counsel.  The right of the U.S. Magistrate Judge and/or U.S.

25  District Judge, and reviewing courts to disclose information afforded in camera

26  treatment or Confidential Discovery Material, to the extent necessary for proper

27  disposition of the proceeding, is specifically reserved.

28          14.     The production or disclosure of any Discovery Material made

-13-

1  after entry of this Protective Order which a Producing Party claims was inadvertent

2  and should not have been produced or, disclosed because of a privilege will not

3  automatically be deemed to be a waiver of any privilege to which the Producing

4  Party would have been entitled had the privileged Discovery Material not

5  inadvertently been produced or disclosed. In the event of such claimed inadvertent

6  production or disclosure, the following procedures shall be followed:

7  (a) The Producing Party may request the return of any such Discovery

8  Material within twenty days of discovering that it was inadvertently

9  produced or disclosed (or inadvertently produced or disclosed without

10  redacting the privileged content). A request for the return of any

11  Discovery Material shall identify the specific Discovery Material and

12  the basis for asserting that the specific Discovery Material (or portions

13  thereof) is subject to the attorney-client privilege or the work product

14  doctrine and the date of discovery that there had been an inadvertent

15  production or disclosure.

16  (b) If a Producing Party requests the return, pursuant to this paragraph,

17  of any such Discovery Material from another Party, the Party to whom

18  the request is made shall return immediately to the Producing Party all

19  copies of the Discovery Material within its possession custody, or

20  control-including all copies in the possession of experts, consultants,

21  or others to whom the Discovery Material was provided-unless the

22  Party asked to return the Discovery Material in good faith reasonably

23  believes that the Discovery Material is not privileged. Such good faith

24  belief shall be based on either (I) a facial review of the Discovery

25  Material, or (ii) the inadequacy of any explanations provided by the

26  Producing Party, and shall not be based on an argument that production

27  or disclosure of the Discovery Material waived any privilege. In the

28  event that only portions of the Discovery Material contain privileged

-14-

subject matter, the Producing Party shall substitute a redacted version of the Discovery Material at the time of making the request for the return of the requested Discovery Material.

(c) Should the Party contesting the request to return the Discovery Material pursuant to this paragraph decline to return the Discovery Material, the Producing Party seeking return of the Discovery Material may thereafter move for an order compelling the return of the Discovery Material. In any such motion, the Producing Party shall have the burden of showing that the Discovery Material is privileged and that the production was inadvertent.

15. Entry of the foregoing Protective Order is without prejudice to the right of the Parties or Third Parties to apply for further protective orders or for modification of any provisions of this Protective Order.

IT IS SO ORDERED.

Dated: April 11, 2008

By: _____
Hon. Carla Woehrle
Magistrate Judge of the United States District
Court

-15-